IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN SCALES,
:
    Petitioner
:
v.
: CIVIL NO. 3:CV-14-1031
:
LAUREL HARRY,
:
: (Judge Conaboy)
:
    Respondent
:

FILED
SCRANTON
MAY 30 2014
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by John Scales, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill). The required filing fee has been paid.

Named as Respondent is SCI-Camp Hill Superintendent Laurel Harry. Scales states that he was convicted of indecent exposure, endangering the welfare of children, corruption of a minor, and indecent assault following a jury trial in the Berks County Court of Common Pleas. See Doc. 1, ¶ ¶ 1-5. Petitioner is presently serving a four (4) to seventeen (17) year term of imprisonment which was imposed on January 9, 2009. Scales' present seventy-four (74) page petition challenges the legality of his conviction and sentence on multiple grounds.

1

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. <u>Fletcher v. Rozum</u>, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Scales is attacking the legality of a conviction and sentence which transpired in the Berks County Court of Common Pleas, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district

court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

                                      S/Richard P. Conaboy
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED: MAY 30, 2014